UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IRENE HECHT, on behalf of herself and
all others similarly situated,

Plaintiffs,

v.

BREWSTER HOME FASHIONS LLC,

Defendant.

Case 1:20-cv-05719-JPO

## CONSENT DECREE

1.     Plaintiff Irene Hecht and Defendant Brewster Home Fashions LLC enter into this Consent Decree as of the Effective Date (defined below).

### *Recitals*

2.     Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181-12189 (the "ADA") and its implementing regulations at 28 C.F.R. Pt. 36 prohibit discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations by any private entity that owns, leases, or operates any place of public accommodation.  42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(a).

3.     On or about July 23, 2020, Plaintiff filed the above-captioned action (the "Action"). Plaintiff alleges that Defendant's website and mobile applications (together, the "Website") are not fully accessible to individuals with disabilities in violation of the ADA and the New York City Human Rights Law ("NYCHRL").

4.     Defendant denies that the Website violates any federal, state or local laws, including the ADA and NYCHRL, and denies any other wrongdoing or liability whatsoever. By entering into this Consent Decree, Defendant does not admit any wrongdoing.

5.     This Consent Decree resolves, settles, and compromises all issues between the parties in the Action.

6.     This Consent Decree is entered into by Plaintiff, individually, but it is intended to inure to the benefit of vision-impaired individuals who are members of the class alleged in the Complaint.

### *Jurisdiction*

7.     Plaintiff alleges that Defendant is a private entity that owns and/or operates the Website, which is available through the internet on personal computers, laptops, mobile devices, tablets, and other similar technology. Plaintiff contends that the Website is a service, privilege, or advantage of a place of public accommodation subject to the ADA. 42 U.S.C. § 12181. Defendant denies that the Website is a public accommodation or that it is a place of public accommodation or otherwise subject to the ADA or NYCHRL.

8.     This Court has jurisdiction over the Action under 28 U.S.C. § 1331 and 42 U.S.C. § 12188. The parties agree that for purposes of the Action and this Consent Decree that venue is appropriate.

### *Agreed Resolution*

9.     Plaintiff and Defendant agree that it is in the parties' best interest to resolve the Action on mutually agreeable terms without further litigation. Accordingly, the parties agree to the entry of this Consent Decree without trial or further adjudication of any issues of fact or law

raised in Plaintiff's Complaint. In resolution of this Action, the Parties hereby agree to the following:

### *Definitions*

10. "Effective Date" means the date on which this Consent Decree is entered on the Court's docket following approval by the Court.

11. "Reasonable Efforts" means, with respect to a given goal or obligation, the efforts that a reasonable person or entity in Defendant's position would use to achieve that goal or obligation. Any disagreement by the parties as to whether Defendant has used Reasonable Efforts as provided for under this Consent Decree shall be subject to the dispute resolution procedures set forth below in paragraphs 15 through 18. Reasonable Efforts shall be interpreted so as to not require Defendant to undertake efforts (a) which could constitute an undue burden, as defined in the ADA, but applied solely to the Website as though it were a standalone business entity; or (b) which would result in a fundamental alteration in the manner in which Defendant operates the Website; or (c) which could result in a material loss of the Website's revenue or traffic.

### *Term*

12. The term of this Consent Decree begins on the Effective Date and remains in effect until the earlier of (a) 36 months from the Effective Date; or (b) the date, if any, that the United States Department of Justice adopts regulations for websites under the ADA.

### *General Nondiscrimination Requirements*

13. In accordance with this Consent Decree, Defendant: (a) shall not deny persons with disabilities, as defined in the ADA and including Plaintiff, the opportunity to participate in and benefit from the goods, services, privileges, advantages, and accommodations provided

through the Website;[1] (b) shall use Reasonable Efforts to provide persons with disabilities, as defined under the ADA and including Plaintiff, an equal opportunity to participate in or benefit from the goods, services, privileges, advantages, and accommodations provided through the Website;[2] and (c) shall use Reasonable Efforts to ensure that persons disabilities, as defined under the ADA and including Plaintiff, are not excluded, denied services, segregated, or otherwise treated differently because of the absence of auxiliary aids and services through the Website.[3]

### *ADA Compliance*

14.    *Web Accessibility Conformance Timeline*: Defendant shall continue to ensure full and equal enjoyment of the goods, services, privileges, advantages, and accommodations provided by and through the Website, including all webpages therein and linked to therefrom, that can be navigated to and from the Website, or which when entered reroute to the Website (collectively the "Websites"), according to the following timeline and requirements, provided that the following dates will be extended in the instance that the Department of Justice issues regulations for websites under the ADA while this Consent Decree is in effect and which contain compliance dates or deadlines further in the future than the dates set forth herein:

a.    Defendant has already made modifications to the Websites and, during the six months following the Effective Date, Defendant shall to the extent necessary continue to modify the Websites as needed to substantially conform to the Web Content Accessibility Guidelines ("WCAG") 2.0 and/or WCAG 2.1 Level A and AA Success Criteria to the extent

---

[1] *See* 42 U.S.C. § 12182(b)(1)(A)(i); 28 C.F.R. § 36.202(a),
[2] *See* 42 U.S.C. § 12182(b)(2)(A)(ii); 28 C.F.R. § 36.202(b).
[3] *See* 42 U.S.C. § 12182(b)(2)(A)(iii); 28 C.F.R. § 36303.

determined to be applicable, or any other WCAG guidelines deemed to be applicable, in such a manner so that the Websites will continue to be accessible to persons with vision disabilities.

        b.     For at least the duration of this Consent Decree, Defendant commits to monitoring the Websites for compliance with WCAG guidelines and standards and, when necessary, updating the Websites in compliance with any applicable new or modified accessibility guidelines or standards.

        c.     The parties acknowledge that Defendant's obligations under this Consent Decree do not include: (i) substantial conformance with WCAG standards for user-generated content and/or other content or advertisements and/or websites that Defendant does not own, operate, prepare or control but that link to or from the Websites (including, but not limited to, any content/websites hosted by third parties and implemented on the Website); and (ii) the provision of narrative description for videos. The parties also agree that if the U.S. Department of Justice or a Court with jurisdiction over this matter determines that the WCAG standards or any successor standard that Defendant may have utilized are not required by applicable law, Defendant may choose, in their discretion, to cease the remediation efforts described above.

        d.     In achieving such conformance, Defendant may, among other things, rely upon, in whole or in part, the User Agent Accessibility Guidelines 1.0; the Authoring Tool Accessibility Guidelines 2.0; the Guidance on Applying WCAG 2.1 to Non-Web Information and Communications Technologies, published by the Web Accessibility Initiative of the World Wide Web Consortium; as well as other guidance published by the W3C's Mobile Accessibility Task Force; the British Broadcasting Corporation Mobile Accessibility Standards and Guidelines 1.0 or any combination thereof. If Defendant, in reasonably relying upon any of the foregoing, fails to

achieve substantial conformance with the applicable WCAG standard, Defendant will have nonetheless met its obligations.

        e.     If Defendant is unable to achieve substantial conformance with the applicable WCAG guidelines despite having used Reasonable Efforts to achieve substantial conformance, it shall be deemed to have satisfied its obligations under this Consent Decree as set forth herein regarding remediation of the Website.

### *Dispute Resolution*

15.    The procedures set forth in the following paragraphs 16 through 18 must be exhausted in the event that (i) Plaintiff or any beneficiary under this Consent Decree alleges that Defendant has failed to meet its obligations pursuant to this Consent Decree; or (ii) Defendant concludes that it cannot substantially comply with the criteria of applicable WCAG standards. Defendant shall not have breached this Consent Decree in connection with the foregoing until the following procedures have been exhausted.

16.    If any of the parties claim this Consent Decree or any portion of it has been violated (a "Breach"), the party alleging a Breach shall give written notice, including reasonable particulars, of such violation to the party alleged to be in Breach. After receiving a written notice of Breach, the alleged breaching party must respond to such written notice within 30 calendar days (the "Cure Period"), unless the parties agree to extend the time for a response. If the alleged Breach is of a nature that it cannot be cured during the Cure Period, the parties shall mutually extend the Cure Period to reflect the reasonable time period in which the alleged breach can be cured. If the parties are unable to reach a mutually acceptable resolution during the Cure Period, or any extension thereof, the party alleging a breach of the Consent Decree may seek enforcement of compliance

with this Consent Decree from the Court. The Court shall, in its discretion, award reasonable attorneys' fees and costs to the prevailing party in any such enforcement action.

17.    Defendant shall not be in breach of this Consent Decree unless: (a) an independent accessibility consultant determines that a particular item(s) cannot be accomplished by a person with a disability who has average screen reader competency using a prominent commercially available screen reader such as Jaws, Voiceover, or NVDA in combination with one of the following browsers (in versions of which that are currently supported by their publishers): Internet Explorer, Firefox, Safari and Chrome; and (b) Defendant fails to remedy the issue using Reasonable Efforts within a reasonable period of time of not less than 90 days from receipt of the accessibility consultant's opinion. If the accessibility consultant believes that a reasonable time using Reasonable Efforts to remedy the items found not to be accessible or usable by persons with disabilities is longer than 90 days, then the parties may agree on a longer time period without leave of Court so long as the extension is documented in writing and executed by the parties to this Consent Decree or their respective counsel. If the accessibility consultant finds that a particular item found not to be usable cannot be remedied using Reasonable Efforts, Defendant shall not be obligated to remedy that item.

18.    Any notice or communication required or permitted to be given to the parties in connection with this Consent Decree shall be in writing, by e-mail and overnight express mail or United States first-class mail, addressed as follows or such other address as one party may have furnished to the other in writing:

For Plaintiff:                          Yitzchak Zelman
                                        Marcus & Zelman, LLC
                                        701 Cookman Avenue, Suite 300
                                        Asbury Park, NJ  07712

Yzelman@MarcusZelman.com
732-695-3282

For Defendant:                              Matthew Horvitz
                                            Goulston & Storrs PC
                                            400 Atlantic Ave.,
                                            Boston, MA 02110
                                            mhorvitz@goulstonstorrs.com
                                            617-574-4053

## *Enforcement and Other Provisions*

19.     The interpretation and enforcement of this Consent Decree shall be governed by the laws of the State of New York.

20.     If any provision of this Consent Decree is determined to be invalid, unenforceable, or otherwise contrary to applicable law, such provision shall be deemed restated to reflect as nearly as possible and to the fullest extent permitted by applicable law its original intent and shall not, in any event, affect any other provisions, all of which shall remain valid and enforceable to the fullest extent permitted by applicable law.

## *Persons Bound and Intended Third-Party Beneficiaries*

21.     The parties to this Consent Decree expressly intend and agree that this Consent Decree shall inure to the benefit of all persons with vision disabilities as defined by the ADA, including those who utilize a screen reader to access the Website, which disabled persons shall constitute third-party beneficiaries to this Consent Decree, but it does not bind members of the putative class identified in Plaintiff's Complaint as no class has been certified.

22.     To the extent permitted by law, entry of this Consent Decree will be fully binding and effective for purposes of claim and issue preclusion.

23.     The signatories represent that they have the authority to bind the respective parties to this Consent Decree.

### *Voluntary Agreement*

24.     This Consent Decree has been carefully read by each of the parties, and its contents are known and understood by each of the parties. This Consent Decree is signed freely and voluntarily by each party executing it. The parties each had an opportunity to consult with their counsel prior to executing the Consent Decree.

**PLAINTIFF**

Dated: 9-9-2020

Irene Hecht

**DEFENDANT**

Dated: 9-9-2020

By:

Printed Name: Paul Feinstein

Title: President

**APPROVED AS TO FORM AND CONTENT:**

Dated: 9/10/2020

By:
Yitzchak Zelman
Marcus & Zelman, LLC
701 Cookman Avenue, Suite 300
Asbury Park, NJ 07712
732-695-3282
*Attorney for Plaintiff*

Dated: 9/17/20

By:

Christian W. Habersaat
Goulston & Storrs PC
885 Third Avenue, 18th Floor
New York, NY 10022
212-878-6900

9     *Attorney for Defendant*

## COURT APPROVAL, ADOPTION, AND ENTRY OF THE CONSENT DECREE

The Court, having considered the pleadings, law, underlying facts and having reviewed this proposed Consent Decree, finds as follows:

1.      This Court has jurisdiction over the Action under 28 U.S.C. § 1331 and 42 U.S.C. § 12188;

2.      The provisions of this Consent Decree shall be binding upon the Parties;

3.      Entry of this Consent Decree falls within the general scope of Plaintiff's website accessibility allegations in her Complaint and furthers the objectives of Americans With Disabilities Act and York City Human Rights Law;

4.      This Consent Decree is for settlement purposes only and does not constitute an admission by Defendant of any of the allegations contained in the Complaint or any other pleading in this Action, nor does it constitute any finding of liability against Defendant;

5.      The Plaintiff is acting as a private attorney general in bringing the Action and enforcing the ADA;

6.      The Court's jurisdiction over this matter shall continue for 36 months; and

7.      This Consent Decree shall be deemed as adjudicating, once and for all, the merits of each and every claim, matter, and issue that was alleged, or could have been alleged by Plaintiff in the Action based on, arising out of, or in connection with Plaintiff's allegations in the Complaint.

NOW THEREFORE, the Court approves the Consent Decree and in doing so specifically adopts it and makes it an Order of the Court.

SO ORDERED:

September 22, 2020

_____
J. PAUL OETKEN
United States District Judge

10